427 P.2d 345

In the Matter of the Application of Harold T. Lyons, Jr., for a Writ of Habeas Corpus

Harold T. LYONS, Jr., Petitioner,

v.

The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Respondent.

No. 2 CA–HC 60.

Court of Appeals of Arizona.

May 1, 1967.

Rehearing Denied May 25, 1967.

Harold T. Lyons, Jr., in pro. per.

Darrell F. Smith, Atty. Gen., for respondent.

PER CURIAM.

Petitioner forwarded a document to the Court of Appeals, Division One, entitled "Application for Writ of Certiorari; or Alternative Writ of Mandamus; or Alternative Writ of Habeas Corpus." The original document named the superior court of Maricopa county and the Honorable Irwin Cantor, Judge thereof, as additional respondents. Upon being informed by Division One of this court that it had no jurisdiction to entertain his petition for a writ of habeas corpus, the petitioner forwarded the same document to this court and requested that it be docketed as a habeas corpus petition. This we have done in accordance with petitioner's request.

The petitioner's claim of illegal confinement is predicated upon an alleged defect in the sentence imposed upon him.

According to the allegations of the petition, the petitioner was sentenced for the crime of burglary first degree on March, 9, 1964. A sentence of not less than three years nor more than four years was imposed by the sentencing court and petitioner

was remanded to the custody of the sheriff of Maricopa county to be delivered into the custody of the proper officers of the state prison. The judgment of conviction recited that "commencement of this sentence shall begin on the date you are delivered to the State Penitentiary at Florence, Arizona." According to the petitioner, he remained in the Maricopa county jail until March 27, 1964, at which time he was committed to the state prison. The commitment papers contained no date at which his imprisonment was to begin, and the prison authorities began his sentence upon the date of arrival at the state prison.

The petitioner claims that the sentence imposed is defective and invalid because of noncompliance with Rule 338, Rules of Criminal Procedure, which provides:

"When the sentence imposes imprisonment, it shall state the date at which the imprisonment is to begin."

Additionally, A.R.S. § 13–1652 provides as follows:

"The term of imprisonment fixed by the sentence commences to run only upon actual delivery of defendant at the place of imprisonment, or from the time fixed by the court as the time when the term of imprisonment begins. * * *"

 Petitioner contends that the wording of A.R.S. § 13–1652 encompasses imprisonment in the Maricopa county jail and therefore he should be given credit on his sentence for the period of time that he was incarcerated in the county jail prior to commitment to the state prison. He argues that if the legislature had intended that "place of imprisonment" meant only the state prison, the legislature would have so stated. The argument is fallacious, since petitioner overlooks the fact that conceivably an offense might be punishable by imprisonment in the county jail. Therefore, A.R.S. § 13-1652 is couched in broad terms to cover any place of incarceration. In the petitioner's case punishment for first degree burglary consists of imprisonment

*in the state prison* for not less than one nor more than fifteen years. A.R.S. § 13–302.

We hold that the sentencing court sufficiently complied with the requirements of Rule 338 in stating that the sentence was to commence on the date of delivery to the state prison.

The petitioner additionally mentions that the commitment papers accompanying him contained no date at which the imprisonment was to begin. However, all that was required to justify the prison authorities to receive and hold the petitioner until expiration of his sentence was a certified copy of the minute entry of sentence. Rule 340, Rules of Criminal Procedure, 17 A.R.S.; Anderson v. State, 54 Ariz. 387, 390, 96 P.2d 281, 126 A.L.R. 501 (1939). The petitioner does not claim to be illegally detained because of expiration of his sentence. The sentence being lawful and valid, it withstands this collateral attack and the petition is hereby denied.